UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Shannon D. Hollie,

Case No. 19-cv-445 (PAM/KMM)

Plaintiff,

v.

**MEMORANDUM AND ORDER**

Paul Schnell; Tony Lourey;
Nancy Johnston; Keith Ellison,
Minnesota Attorney General; Kelly Lyn
Mitchell, Executive Director or the
Minnesota Sentencing Commission; and
Jane and John Does, in their official
capacities,

Defendants.

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Katherine Menendez. (Docket No. 9.) Plaintiff filed timely objections to the R&R. The Court must conduct a de novo review of any portion of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, and for the reasons set forth below, the Court overrules Plaintiff's objections and adopts the R&R in part.

**BACKGROUND**

Plaintiff Shannon Hollie is a sexual offender who is civilly committed at the Minnesota Sex Offender Program. In his Complaint, Plaintiff challenges the legality of two consequences of his convictions: (1) the requirement that persons convicted of certain sexual offenses be sentenced to a mandatory ten-year or lifetime term of conditional

release, and (2) the requirement that persons convicted of sexual offenses register with the State and regularly provide information regarding residences, work location, vehicles owned, and so on.

The R&R recommends dismissing this matter because Plaintiff has failed to state a claim on which relief may be granted. The Court agrees.

**DISCUSSION**

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level," and they must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In assessing the sufficiency of the complaint, the Court may disregard legal conclusions that are couched as factual allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. See Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff first argues that he is entitled to relief under the "Bane Act," and that the R&R incorrectly concluded that the "Bane Act" has no applicability to this case. (Pl's Obj. (Docket No. 10) at 2-3.) Plaintiff's reference to the "Bane Act" is in fact a reference to the Tom Bane Civil Rights Act, a California state statute. Cal. Civ. Code § 52.1. A California state statute has no applicability to a case involving a Minnesota-resident civil detainee

suing agents of the state of Minnesota based on the application of Minnesota laws. And despite Plaintiff's contentions, a California state statute is not analogous to decisions of the United States Supreme Court or other sources of federal law. (See Pl's Obj. at 2.) Plaintiff has failed to articulate even the smallest basis for relief, and therefore this claim is dismissed.

Plaintiff also contends that the conditional-release and registration requirements imposed by Minnesota law violate his Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff first argues that these requirements amount to a "new charge" for which he was never indicted and did not receive due process protections. However, as correctly stated in the R&R, conditional release and registration requirements are not new charges, they are simply an aspect of Plaintiff's earlier sentence. Plaintiff concedes he is not challenging his underlying conviction or sentence, and therefore there is no legal basis for his claim. (See Pl's Obj. at 4.) It is accordingly dismissed.

Plaintiff's remaining objections on this point are not wholly clear, but seem to focus on the conditions of his sex-offender treatment program and repercussions caused by the Minnesota registration statute. He first argues that the conditional-release and registration requirements have "stigmatized" him in numerous ways which run afoul of his due process rights. (Pl's Obj. at 6.) However, the Eighth Circuit has expressly rejected this kind of constitutional challenge. Gunderson v. Hvass, 339 F.3d 639, 644-645 (8th Cir. 2003) (holding that damage to reputation caused by mandatory registration is not sufficient to invoke due process protections, and the burden of registration requirements is too minimal to trigger a heightened due-process analysis).

Plaintiff next argues that the requirement that he undergo sex-offender treatment violates his constitutional rights. However, Plaintiff has failed to allege which constitutional rights are at stake or how those rights are being infringed. (Pl's Obj. at 7.) Rather, he alleges only that the existence of these requirements, as part of his conditional release, violates his constitutional rights. (Id.) But as discussed above, that argument is without merit.

Plaintiff has had ample opportunity to plead his claim with the required specificity and legal support and has failed to do so, rather relying on already-rejected arguments. And by simply alleging that the treatment requirement violates his constitutional rights, Plaintiff has merely presented a legal conclusion couched as a factual allegation. See Iqbal, 556 U.S. at 678 (2009). For these reasons, the Complaint's defects cannot be remedied through more specific pleading. Accordingly, this claim is dismissed with prejudice.

While Plaintiff requests that the Court allow him to amend the Complaint rather than face dismissal, "futility constitutes a valid reason for denial of a motion to amend." Knapp v. Hanson, 183 F.3d 786, 790 (8th Cir. 1999). The Court has already determined that there is no legal basis for Plaintiff's claims, and therefore any attempt to amend his Complaint with additional facts would be futile. Plaintiff's request to amend is denied.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 9) is **ADOPTED** in part;
2. This matter is **DISMISSED with prejudice**; and

3. Plaintiff's applications to proceed in forma pauperis (Docket Nos. 4, 6) are

    **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 12, 2019

*s/ Paul A. Magnuson*
PAUL A. MAGNUSON
United States District Court Judge